IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KLUTTS EQUIPMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-126-JHP |
| | ) | |
| REDSTICK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Klutts Equipment's, Motion to Remand [Docket No. 13][1] and Defendant Redstick's Response in Opposition [Docket No. 16]. Because the Court concludes that the Notice of Removal fails to establish the requisite amount in controversy, Plaintiff's Motion to Remand is GRANTED and this case is remanded to the District Court of Muskogee County.

## BACKGROUND

This case involves a contract dispute between Plaintiff Klutts Equipment and Defendant Redstick. The two parties entered into an Equipment Purchase Contract under which Defendant agreed to purchase from Plaintiff a piece of railroad equipment, a tamper, for the price of $129,500. The parties appear to agree that Defendant made a down payment of $60,000 toward the purchase price of the equipment. At some point, a dispute regarding the contract arose and Plaintiff filed a breach of contract action in Muskogee County District Court. In its Petition, Plaintiff seeks to

---

[1] Plaintiff's motion is actually titled Motion to Remand and/or to Dismiss, however, the motion appears to only be seeking an order remanding the case to state court. Thus, to the extent Plaintiff's motion can be construed as a Motion to Dismiss, it is denied.

1

recover from Defendant the remaining amount due under the contract which they allege is $70,175. Subsequently, Defendant filed its Notice of Removal [Docket No. 2] pursuant to 28 U.S.C. § 1441. The Notice of Removal acknowledges that Plaintiff pleads damages below the requisite amount for diversity jurisdiction, but states the amount at issue actually exceeds $75,000 and is represented by the "swing" from $70,175 that would be owed to Plaintiff if it prevails, to the $60,000 actually being due from Plaintiff to Defendant should Defendant prevail. In response, Plaintiff timely filed its Motion to Remand arguing that its claim against Defendant does not satisfy the Court's jurisdictional requirements and that Defendant's "swing" analysis is flawed and unsupported by the law.

Several days after the Notice of Removal but prior to Plaintiff's Motion to Remand, Defendant filed an Answer and Counterclaim [Docket Nos. 7 & 8] alleging Plaintiff breached the Equipment Purchase Contract. In its Counterclaim, Defendant seeks damages in the amount of $60,000 for the down payment, and damages not yet fully determined but believed to be in excess of $15,000 for costs incurred while covering Plaintiff's breach of the contract.

## DISCUSSION

"Except as otherwise expressly provided . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant contends that this Court has original jurisdiction over this action based upon 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

Here, there is no dispute that Plaintiff is a corporation with its principal place of business in Oklahoma, while Defendant is a corporation with its principal places of business in Florida. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of [§ 1332] . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Thus, the Court is left to determine whether the amount in controversy exceeds $75,000.

In *Laughlin v. Kmart Corp.*, the Tenth Circuit set forth the framework by which district courts in this circuit should measure whether the amount in controversy requirement has been satisfied:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].' Moreover, there is a presumption against removal jurisdiction.

50 F.3d 871, 873 (10th Cir. 1995)(citations omitted) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). As *Laughlin* makes clear, the amount in controversy "must be affirmatively established on the face of either the petition or the removal notice." *Id*. The amount in controversy is determined as of the date of the notice of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). As the Tenth Circuit has observed, "defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the amount in controversy requirement, removal statutes are construed narrowly." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001), *cert. granted*, 544 U.S. 998 (2005), *aff'd*, 546 U.S. 132 (2005).

In its Petition, Plaintiff requests damages of $70,175. Because the amount in controversy is not affirmatively established on the face of Plaintiff's Petition, Defendant bears the burden of

setting forth in its Notice of Removal sufficient underlying facts to support its assertion that the amount in controversy exceeds the jurisdictional limit. *See Barber v. Albertsons, Inc.*, 935 F. Supp.1188, 1192 (N.D. Okla.1996) ("[T]he plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds [$75,000], but also facts underlying defendant's assertion."). In support of its contention that amount in controversy actually exceeds $75,000, Defendant employs a "swing" analysis of Plaintiff's claim compared to Defendant's potential claim against Plaintiff for $60,000 to reach the requisite amount in controversy. Defendant's "swing" analysis is not supported by any legal citations, but Defendant appears to be arguing that the requisite amount in controversy is satisfied by aggregating Plaintiff's claim and Defendant's counterclaim. The Court, however, finds two fatal flaws with this argument.

First, Defendant's Counterclaim was not filed as of the time of removal, and it cannot be considered for the purpose of determining the amount in controversy. As stated above, the amount in controversy is determined as of the date of the notice of removal. *Pullman,* 305 U.S. at 537. Based on this rule, district courts have refused to consider counterclaims that were not of record at the time of removal when determining the amount in controversy. *See Algeo v. Massachusetts Mutual Life Ins. Co.*, 2006 WL 3350739, at *5 (N.D. Okla. Nov. 17, 2006) ("the fact that Defendant removed the case to this Court before filing a counterclaim precludes any reliance by this Court on Plaintiff's counterclaims"); *Dresser-Rand v. Northern Natural Gas Co.*, 2000 WL 286733, at *2 (D.Kan. Jan. 19, 2000) ("[b]ecause the defendant's counterclaim was not on file when it removed this action, the value of that counterclaim may not be considered in determining the amount in controversy"). In this case, Defendant filed its Notice of Removal on March 30, 2009 [Docket No.

4

2]. Defendant's Counterclaim was not filed until April 6, 2009 [Docket no. 8]. As a result, the Court cannot consider the amount alleged in Defendant's Counterclaim when determining whether the jurisdictional amount has been established. Without considering the Counterclaim, the only amount in controversy is the $70,175 in damages specifically claimed by Plaintiff. The only contrary argument advanced in the Notice of Removal is based on aggregating Plaintiff's claim with Defendant's Counterclaim. Therefore, Defendant's Notice of Removal fails to affirmatively establish that the amount in controversy exceeds $75,000.

Second, even if Defendant's Counterclaim was filed prior to removal, the Court does not consider the value of counterclaims when measuring the amount in controversy in removal cases. "[T]he majority of courts in other circuits have held that the amount in controversy for removal purposes is to be determined solely by referring to the plaintiff's complaint and without regard to any subsequently filed counterclaims." *Conference Am., Inc. v. Q.E.D. Intern., Inc.*, 50 F.Supp.2d 1239, 1242 (M.D.Ala.1999). This approach has been adopted by several courts in this circuit as well as by a number of legal commentators. *See, e.g.*, *Algeo*, 2006 WL 3350739, at *5 (quoting *Conference Am., Inc. v. Q.E.D. Intern*); 14C Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice & Procedure* § 3725 (2009 Supp.) ("[t]he traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim"). This approach also complies with the mandate that removal statutes be narrowly construed and the presumption against removal jurisdiction. Thus, even if Defendant had filed its Counterclaim prior to removal, it could not be relied upon to satisfy the requisite amount in controversy. The Court therefore concludes that it lacks subject matter jurisdiction over this action and must remand the case to state court pursuant to 28 U.S.C. § 1447(c).

## **CONCLUSION**

For the reasons previously stated, Plaintiff's Motion to Remand is hereby GRANTED and this case is remanded to the District Court of Muskogee County.

IT IS SO ORDERED this 6th day of July, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma